UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| Kerving's Guillaume, Petitioner<br>v.<br>John Ashcroft, Attorney General, et al.<br>　　Respondents | No. 3:02cv1276(RNC)<br><br>July 14, 2005 |
|---|---|

**PETITIONER'S OPPOSITION TO THE RESPONDENT'S MOTION TO TRANSFER**

The Petitioner, Kerving's Guillaume, through counsel, hereby gives notice of his opposition to the May 23, 2005 motion to transfer the petitioner's habeas petition to the Second Circuit Court of Appeals under Section 106(c) of the REAL ID Act filed by the respondent. The petitioner opposes the respondent's motion because the statutory provisions regarding transfer of pending petitions for habeas corpus cited by the respondent are inapplicable to the petitioner's case. The transfer provisions of the REAL ID Act cited by the respondent are only applicable to cases "challenging a final administrative order of removal, deportation, or exclusion…" Section 106(c) of the REAL ID Act of 2005, Pub L. No. 109-13. The petitioner's request for a writ of habeas corpus solely seeks protection under the Convention Against Torture ("CAT"). The regulations clearly state that one granted protection under the CAT is ordered removed and can be removed from the U.S. *See* 8 C.F.R. §§!1208.16(f), 1208.17(b)(iv), 70 FR 4743 n.1 (Jan. 31, 2005). Thus one who requests protection under the CAT does not challenge the fact that he or she should be ordered removed, he simply requests that a

1

limitation be placed on how that removal order can be executed under the provisions of the CAT.  Because the petitioner is solely requesting protection under the CAT, he is not challenging his the legality of his administratively final order of removal.  Because the petitioner is not challenging the legality of his removal order, the transfer provisions of the REAL ID Act regarding pending petitioners for habeas corpus are not applicable to the petitioner and the respondent's motion to transfer should be denied.

## ARGUMENT

**I. THE TRANSFER PROVISIONS OF THE REAL ID ACT ARE ONLY APPLICABLE TO HABEAS PETITIONS CHALLENGING A FINAL ORDER OF REMOVAL.**

Section 160 of the REAL ID Act, titled "Judicial Review of Orders of Removal" amended existing law concerning the procedures whereby non-citizens can challenge orders of removal and raise claims for protection under the CAT.  Subsection (c) of Section 160, titled "Transfer of Cases", outlines the procedure for the transfer of habeas petitions challenging an order of removal to a circuit court of appeals that were pending at the time the REAL ID Act was enacted.  Specifically, the statute states,

> If an alien's case, brought under section 2241 of title 28, United States Code, and *challenging a final administrative order of removal, deportation, or exclusion*, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (*or the part of the case that challenges the order of removal, deportation, or exclusion*) to the court of appeals for the circuit in which a petition for revuew could have been properly filed under section 242(vb)(2) of the Immigration and Nationality Act (8 U.S.C. § 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. §!1101 note). (emphasis added)

2

The language of Section 106(c) makes it clear that it is only habeas corpus petitions challenging a final order of removal that are ordered transferred to the circuit court of appeals. In addition, if a habeas petition raises some claims that do challenge a final order of removal and some that do not, the district court is only to transfer those portions of the habeas petition that challenge the final order of removal. Habeas petitions making claims other than a challenge to a removal order are clearly not ordered transferred under Section 106(c). Thus, if the petitioner's claim for protection under the CAT is not a challenge to his administratively final order of removal, the instant habeas petition is not subject to the transfer provisions of Section 106(c) of the REAL ID Act.

**II. A REQUEST FOR PROTECTION UNDER THE CONVENTION AGAINST TORTURE IS NOT A CHALLENGE TO AN ORDER OF REMOVAL.**

**A. The regulations concerning CAT protection.**

The Department of Justice has implemented the obligations of the United States under the Convention Against Torture in two parts of the Code of Federal Regulations –!8 C.F.R. §!1208.16 and 8 C.F.R. §!1208.17. There are two different types of protection under the Convention Against Torture. One is titled withholding of removal and the other is titled deferral of removal. The basic definition of what is required to establish for eligibility for withholding of removal under the CAT and deferral of removal under the CAT is the same. *See* 8 C.F.R. § 1208.16(c), 1208.17(a). One who has been convicted of a particularly serious crime, however, is ineligible for withholding of removal under the CAT, and if eligible for CAT protection, must be granted deferral of removal under the CAT. 8 C.F.R. §§ 1208.16(c)(4), 1208.16(d)(2). The main differences between

withholding of removal under the CAT and deferral of removal under the CAT is the manner in which the immigration service can seek to revoke such status and whether the immigration service can detain the individual after they have been granted such protection. *See* 8 C.F.R. §!1208.17(b)(1).

The regulations make it clear, however, that one granted protection under the CAT is ordered removed from the United States. Protection under the CAT simply places a limitation on how the immigration service can execute a particular removal order –!barring removal to a country where the non-citizen faces torture. The regulations make this clear by stating that, "Nothing in [1208.16] or § 1208.17 shall prevent the Service from removing an alien to a third country other than the country to which removal has been withheld or deferred." 8 C.F.R. § 1208.16(f). The plain language of this regulation has been affirmed by numerous courts. *See e.g. Huang v. Ashcroft*, 390 F.3d 1118, 1121[1] (9th Cir. 2004) ("neither withholding nor deferral of removal prevents the government from removing an alien to a third country other than the country to which removal was withheld or deferred."); *Sackie v. Ashcroft*, 270 F. Supp 2d 596, 602 n. 5 (E.D.Pa. 2003) ("Of course, nothing in § 208.16 or § 208.17 prevents the INS from removing the Petitioner to a country other than [the country from which removal has been withheld or deferred]. 8 C.F.R. § 208.16(f)."); *Builes v. Nye*, 253 F. Supp 2d 818, 820 (M.D. Pa. 2003), (protection under the CAT still "permit[s] removal to a third country presenting no danger to the alien."); *Ali v. Achim*, 342 F. Supp. 2d 769, 774 (N.D. Ill. 2004) ("an alien

---

[1] This language was subsequently added to the opinion by the Court after a motion by the government. *See Huang v. Ashcroft*, 2005 U.S. App. LEXIS 1495 (9th Cir. Jan. 31, 2005).

can be removed to a third country other than the country to which removal has been withheld or deferred.")

The regulations also state that,

> *After an immigration judge orders an alien described in paragraph (1) of the section [1208.17] removed*, the immigration judge shall inform the alien that his or her removal to the country where he or she is more likely than not to be tortured shall be deferred until such time as the federal is terminated under this section. (emphasis added).

8 C.F.R. § 1208.17(b)(1). A recent federal register notice from the Department of Justice reinforces states that,

> Withholding of removal under 241(b)(3) of the Act and CAT deferral are not forms of "relief from removal" per se, but instead are restrictions on or protection from removal of an alien to a country where he or she would be threatened or tortured.

Department of Justice, *Background and Security Investigation in Proceedings Before Immigration Judges and the Board of Immigration Appeals*, 70 FR 4737 n.1 (Jan. 31, 2005). Thus, one who receives protection under the CAT is still in fact ordered removed from the United States and the immigration service is only proscribed from removing that individual to the specified country where he or she faces a risk of torture. One who raises a claim for protection under the CAT thus does not challenge the fact that he or she should be ordered removed, he or she simply requests a limitation on how their removal order may be executed by the government.

Because one who requests protection under the CAT is not challenging their removal order a habeas petition solely raising claims under the CAT is not a challenge to a removal order, it is simply a challenge to the manner in which a removal order may be executed. Although non-citizens typically raise claims for protection under the CAT in the context

5

of removal proceedings, this is done for administrative efficiency, not because CAT protection is itself a challenge to the substance of a removal order. *See e.g.* Testimony of Bo Cooper, General Counsel, Immigration and Naturalization Service, Department of Justice, Regarding a hearing on Convention Against Torture and HR5285, the Serious Human Rights Abusers Accountability Act of 2000, p. 5-6, *available at* uscis.gov/graphics/aboutus/congress/testimonies/2000/bo-test.pdf ("When the INS developed its strategy for hearing Convention Against Torture claims, we believed it would be administratively efficient to generally require that such claims be raised in removal proceedings.")

Because a claim for protection under the CAT is not a challenge to a removal order –!in fact, one granted protection under the CAT is still ordered removed –!a claim for CAT protection is not covered by the transfer provisions Section 160(c)of the REAL ID Act.

**B. The structure of Section 106 of the REAL ID Act.**

An analysis of the structure of Section 106(a) of the REAL ID Act, when contrasted with the structure of Section 106(c) of the REAL ID Act, makes it clear that Congress implicitly recognized that a request for CAT protection is itself not a challenge to a removal order and is thus not subject to the transfer provisions of subsection (c). Subsection (a) of Section 106 of the REAL ID Act outlines the procedure whereby non-citizens can seek federal court review of a decision of the BIA regarding a removal order and protection under the CAT.  Subsection (a) of Section 106 amends INA § 242 by adding language that states,

6

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for *judicial review of an order of removal* entered or issued under any provision of this Act, except as provided in subsection (e). (emphasis added).

This portion of Section 106(a) states that any challenge to a removal order must be made by means of a petition for review to a circuit court of appeals under INA § 242. Subsection (a) of Section 106 also includes language that states,

> (4) Claims Under the United Nations Convention – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for *judicial review of any cause or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment*, except as provided in subsection (e). (emphasis added).

This language makes it clear that any claim for protection under the CAT must be made in the form of a petition for review to a circuit court of appeals under INA § 242.

**C. The portion of Section 106(a) of the REAL ID Act titled "(4) Claims under the United Nations Convention" would be mere surplsage if claims for protection under the CAT are challenges to a removal order.**

The Supreme Court has held that courts are to interpret statutory language as having been included with a purpose in mind, no statutory language should be seen as being superfluous or mere surplusage. *See Chickasaw Nation v. United States*, 534 U.S. 84, 93 (2001). Specifically, the Supreme Court has stated that, "It is our duty 'to give effect, if possible, to every clause and word of a statute,' *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883), rather than to emasculate an entire section…" *United States v. Menasche*, 348

U.S. 528, 538-539 (1955). As stated earlier, Section 106(a) includes one subsection stating that all challenges to a removal order must be made in the form of a petition for review and another subsection that states that all claims for CAT protection must be made in the form of a petition for review. If a request for protection under the CAT is considered to be a challenge to a removal order, then the subsection of Section 106(a) stating that all claims for protection under the CAT must be made in the form of a petition for review would be mere surplusage as such claims would already be covered by the subsection of Section 106(a) mandating that all challenges to a removal order be made in the form of a petition for review. The only interpretation of Section 106(a) of the REAL ID Act that does not "emasculate" the section titled "(4) Claims Under the United Nations Convention" is that such language was added to the statute because the section titled "(5) Exclusive Means of Review" does not cover claims for protection under CAT. The only explanation for Congress' inclusion of the portion of Section 106(a) titled "(4) Claims under the United Nations Convention" consistent with the canon of statutory construction that no portion of a statute should be considered mere surplusage, is that language was added to Section 106(a) because claims for CAT protection are not challenges to a final order of removal and are thus not covered by the portion of Section 106(a) titled "(5) Exclusive Means of Review" and such language was necessary to ensure that CAT claims could only be raised in the context of a petition for review.

**D. The fact that Congress specifically included language covering claims under the CAT in Section 106(a) of the REAL ID Act, and excluded such language from Section 106(c), demonstrates that Congress did not intend to mandate transfer of habeas petitions solely raising CAT claims to a circuit court of appeals.**

The Supreme Court has stated that, "when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." *Jama v. Immigration and Customs Enforcement*, 125 S. Ct. 694, 709 (2005) (Souter, J. *dissenting*) (quoting *Sosa* v. *Alvarez-Machain* , 124 S. Ct. 2739, 2754 n.9 (2004)). Under this canon of statutory construction, the disparate language in subsections (a) and (c) of Section 106 demonstrates an intent by Congress that a claim for protection under the CAT is not subject to the transfer provisions of subsection (c). Subsection (a) clearly states that all challenges to a removal order *and* all claims for protection under CAT must be made as part of a petition for review. Subsection (c), however, simply states that all challenges to a removal order must be transferred to a circuit court of appeals – there is no mention of claims for protection under the CAT. As was stated earlier, Congress clearly must have had a reason for including the specific language regarding claims for protection under the CAT in Section 106(a). Congress also must have had a reason for excluding such language from Section 106(c). Congress included the language in the portion of Section 106(a) titled "(4) Claims Under the United Nations Convention" because the language included in the portion titled "(5) Exclusive Means of Review" does not cover claims for protection under the CAT. Because claims for protection under the CAT are not covered by the portion of Section 106(a) titled "(5) Exclusive Means of Review", they are also not covered by the similar language of Section 106(c). If Congress wanted all habeas petitions making CAT claims to be transferred to a circuit court of appeals, it would have included language in Section 106(c) similar to the

9

language included in Section 106(a) titled "(4) Claims Under the United Nations Convention." The fact that Congress specifically included such language in Section 106(a) and failed to include such language in Section 106(c) demonstrates an intent on the part of Congress to not mandate transfer of claims for protection under the CAT to a circuit court of appeals. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("We would not presume to ascribe this difference to a simple mistake in draftsmanship.")

## CONCLUSION

The government's motion to transfer the petitioner's request for a writ of habeas corpus to the Second Circuit Court of Appeals pursuant to Section 106(c) of the REAL ID Act should be denied. By its own terms, Section 106(c) only mandates the transfer of pending habeas petitions challenging a final order of removal. Pending habeas petitions making raising other issues under the INA are specifically excluded from the transfer provisions. Because a claim for protection under the CAT is not a challenge to a removal order – in fact, one granted CAT protection is ordered removed from the United States – a habeas petition solely raising a claim for protection under the CAT is not subject to the transfer provisions of Section 106(c).

    Respectfully submitted for
    Petitioner Kerving's Guillaume, by

    His attorney,
    Justin Conlon
    Federal bar ct26187, juris421914
    Law Offices of Michael Boyle
    250 State Street, Unit C2
    P.O. Box 335
    North Haven, CT 06473
    203 239-2299, fax 203 985-8207

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing motion was served by first class mail, postage pre-paid on July 14, 2005 to: Office of the U.S. Attorney, AUSA Krishna Patel, 915 Lafayette Boulevard, Bridgeport, CT 06604.


                                                            Justin Conlon