```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KERVINGS GUILLAUME,              :
Petitioner,                      :
                                 :
v.                               :    CIV. NO. 3:02CV1276(RNC)
                                 :
JOHN ASHCROFT, et. al.           :
Respondents.                     :
```

**RESPONDENTS' REPLY MEMORANDUM**

Respondents respectfully submit this memorandum of law in reply to the opposition to the motion to transfer filed by petitioner Kervings Guillaume.

In his opposition brief, petitioner essentially argues that CAT relief is not a challenge to a final order of removal. Therefore, petitioner claims that Real ID Act's section 106 mandate that a petition for review to the courts of appeal is the <u>exclusive</u> means of review of an administrative order of removal, deportation, or exclusion would not apply to CAT claims. <u>Id.</u> § 106(a).  Putting aside the fact that a CAT claim can only be raised as part of a removal, deportation or exclusion proceeding, Real ID Act § 106(a)(4) states as follows:

(4) CLAIMS UNDER THE UNITED NATIONS CONVENTION. -

Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651, of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the <u>sole and exclusive</u> means for judicial review of any caus or claim under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, except as provided in subsection (e).

(emphasis added).

Petitioner recognizes that § 106(a)(4) provides for CAT claims to be brought by petition for review but illogically argues that the entire paragraph must be surplusage. Essentially, petitioner contends that if Congress wanted all CAT claims to be brought by petition for review, it would have provided that in Section 106(a)(5) which is entitled "Exclusive Means of Review."  Petitioner's argument is wholly without merit and should be denied.

Petitioner's argument ignores the basis rules of statutory construction that the Supreme Court has already determined apply in interpreting the INA statutes.  The Court has admonished that the "ordinary and obvious meaning of the phrase is not to be lightly discounted."  See INS v. Cardoza-Fonseca, 480 U.S. at 431.  "With regard to this very statutory scheme [INA], we have considered ourselves bound to assume that the legislative purpose is expressed by the ordinary meaning of the words used." quoting INS v. Phinpathya, 464 U.S. 183, 189 (1984) (internal quotations omitted).

Here, Congress could not have been more clear about its intent that all CAT claims must be pursed in the Court of Appeals.  Congress has clearly and expressly stated that the sole and exclusive means for CAT claims is by petition for review. Accordingly, the petitioner's petition should be transferred to the Court of Appeals.

CONCLUSION

For the reasons set forth above, the habeas petition should be transferred to the Court of Appeals.

DATED: August 2, 2005.

                          Respectfully submitted,

                          KEVIN J. O'CONNOR
                          UNITED STATES ATTORNEY


                          /s/
                          S. DAVE VATTI
                          Assistant United States Attorney
                          Federal Bar No.: ct11957

                          For: KRISHNA R. PATEL
                          Assistant United States Attorney
                          915 Lafayette Boulevard
                          Bridgeport, Connecticut 06604
                          Federal Bar No.: ct24433
                          Telephone:  (203) 696-3000

## **CERTIFICATE OF SERVICE**

    This is to certify that a copy of the foregoing was sent via United States Mail, postage prepaid to:

The Law Offices of Michael Boyle
250 State Street, Unit 2C
P.O. Box 335
North Haven, CT 06473


    Dated at Bridgeport, Connecticut, this 2nd day of August, 2005.


    /s/
    S. DAVE VATTI
    Assistant United States Attorney
    For: KRISHNA R. PATEL
    Assistant United States Attorney